UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  SACV 13-111-JST (ANx)            Date:  January 29, 2013

Title: JP Morgan Mortgage Acquisition Corp. v. Ruben Ortiz

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not present                                 Not present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2012-00584708**

      Plaintiff JP Morgan Mortgage Acquisition Corp. ("JP Morgan") filed this unlawful detainer action against Defendants Ruben Ortiz and Does 1 to 50 in Orange County Superior Court on July 19, 2012, Case Number 30-2012-00584708.  (Notice of Removal Ex. A ("Complaint"), Doc. 1.)  On January 23, 2013, Defendants removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1331, civil rights removal under 28 U.S.C. § 1443, and diversity jurisdiction under 28 U.S.C. § 1441.  (Notice of Removal ("Notice") at 1-4.)[1]  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

      When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could

---

[1] The Notice of Removal was filed by Mr. Ruben Ortiz and Mr. Oscar Solarzano, though Plaintiff's Unlawful Detainer Action names only Ruben Ortiz.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       JS-6

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-111-JST (ANx)                    Date: January 29, 2013

Title: JP Morgan Mortgage Acquisition Corp. v. Ruben Ortiz

have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

     Defendants argue that Plaintiff's unlawful detainer action presents a federal question because "Plaintiff's claims arise under the laws of the United States." (Notice of Removal at 2.) However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. There is no federal question apparent on the face of JP Morgan's Complaint, which alleges only a state law unlawful detainer claim. *See IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

     Defendants also appear to contend that removal is proper on the basis of diversity jurisdiction because the amount in controversy exceeds $75,000. (Notice at 3.) But Defendants fail to allege complete diversity between the parties. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Defendants have also not met their burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)). Here, JP Morgan's Complaint seeks damages in the amount of $70 per day from July 3, 2012, through the date the defendants remain in possession of the property. (Complaint ¶ 14.) Based upon these facts, it is clear that the $75,000 jurisdictional requirement is not met.

     Finally, Defendants argue for civil-rights removal, but they fail to show that removal under Section 1443 is appropriate because they have not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-111-JST (ANx)  Date:  January 29, 2013

Title:  JP Morgan Mortgage Acquisition Corp. v. Ruben Ortiz

courts to ignore [their] federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  Although they state in their Notice of Removal that they have been deprived of their due process rights because "the complaint in this action, as a matter of law, is insufficient to state a cause of action for unlawful detainer, or anything else, and the Court has no jurisdiction to proceed," they do not assert that any statute commands the state courts to ignore their federal rights.

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case No. 30-2012-00584708.

Initials of Preparer:  enm